**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON,<br><br>*Plaintiff*,<br><br>v.<br><br>U.S. DEPARTMENT OF THE TREASURY and SCOTT BESSENT, *in his official capacity as Secretary of the United States Department of the Treasury*,<br><br>*Defendants*. | Case No. 1:26-cv-02728-BAH |

**DEFENDANTS' MOTION FOR RELIEF FROM LOCAL CIVIL RULE 7(n)(1)'S REQUIREMENTS AND MEMORANDUM IN SUPPORT**

Defendants respectfully move for relief from the requirements of Local Civil Rule ("LCvR") 7(n)(1), to the extent that rule applies to their concurrently filed motion to dismiss. LCvR 7(n)(1) provides that, "[i]n cases involving the judicial review of administrative agency actions, unless otherwise ordered by the Court," the agency must file a certified list of the contents of the administrative record within thirty days after service of the answer or concurrently with a dispositive motion, whichever occurs first. LCvR 7(n)(1). The rule also requires the parties to provide an appendix containing the portions of the administrative record "cited or otherwise relied upon" in the dispositive motion briefing. *Id.*

Defendants read this rule to apply to motions that require reliance on an administrative record, such as a motion for summary judgment, rather than motions under Rule 12. Nevertheless, in the event the Court construes it otherwise, relief is warranted because Defendants' motion raises a facial jurisdictional challenge under Federal Rule of Civil Procedure 12(b)(1) and pleading

challenges under Federal Rule of Civil Procedure 12(b)(6), which are not dependent on an administrative record. Resolution of those challenges requires consideration only of the complaint, materials properly considered at the pleading stage, and the governing law. Defendants neither rely on an administrative record nor ask the Court to evaluate agency action against such a record. Because no portion of an administrative record is cited or otherwise relied upon in the motion, neither a certified list nor an appendix would assist the Court in resolving it. The Court should therefore excuse compliance with LCvR 7(n)(1) in connection with the motion to dismiss, assuming it applies. Pursuant to LCvR 7(m), counsel for Defendants conferred with Plaintiff's counsel, who stated that Plaintiff does not oppose the requested relief.

This Court has followed the "general practice" of waiving LCvR 7(n)(1)'s requirements when "the administrative record is not necessary for [the court's] decision." *Arab v. Blinken*, 600 F. Supp. 3d 59, 65 n.2 (D.D.C. 2022) (alteration in original) (quoting *Connecticut v. U.S. Dep't of the Interior*, 344 F. Supp. 3d 279, 294 (D.D.C. 2018)). Other courts in this District have followed the same approach when resolving motions to dismiss that did not require review of an administrative record. *See, e.g.*, *Patterson v. Haaland*, No. 21-cv-2391 (RC), 2022 WL 4534685, at *1 & n.2 (D.D.C. Sep. 28, 2022); *E. Atl. Servs. & Trading LLC v. Mayorkas*, No. 23-cv-1946 (RJL), 2024 WL 4332554, at *6 (D.D.C. Sep. 27, 2024). That approach is consistent with the rule's stated purpose of assisting courts in cases involving voluminous administrative records by providing the portions relevant to the pending dispositive motion. *See* LCvR 7(n) cmt.

Defendants' standing challenge is facial and turns on the allegations of the complaint: specifically, whether Plaintiff has alleged a concrete and particularized informational or organizational injury and whether any such injury supports the systemwide retrospective and prospective relief requested. No administrative record is necessary to resolve those questions. If

the Court dismisses the case on standing grounds, preparation and certification of a list of the administrative record's contents would serve no purpose. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) ("Without jurisdiction the court cannot proceed at all in any cause." (quoting *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1869))); *Al-Zahrani v. Rodriguez*, 669 F.3d 315, 318 (D.C. Cir. 2012) (explaining that a court without jurisdiction "cannot perform a law-declaring function in a controversy").

Defendants' remaining arguments present legal questions that can be resolved without an administrative record. Defendants argue that the Freedom of Information Act provides an adequate remedy precluding review of Counts I and II under the Administrative Procedure Act; the complaint fails to identify a discrete, final agency action adopting the alleged systemwide policy challenged in Count I; Count II concerns the legal sufficiency of completed reporting entries and identifies no agency action remaining unlawfully withheld or unreasonably delayed; and the Paperwork Reduction Act imposes no independent obligation to disclose the additional information sought in Count III. Those arguments can be resolved from the complaint's allegations and the governing statutes without reference to an administrative record.

If the Court later determines that an administrative record is necessary, Defendants respectfully request an opportunity to propose an appropriate schedule for complying with LCvR 7(n).

**CONCLUSION**

For the foregoing reasons, the Court should grant Defendants' motion for relief from LCvR 7(n)(1)'s requirements.

October 13, 2026 Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ELIZABETH J. SHAPIRO
Deputy Director

*/s/ Kian K. Azimpoor*
KIAN K. AZIMPOOR (DC Bar No. 90024613)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20005
Tel: (202) 598-0860; Fax: (202) 616-8470
E-mail: kian.k.azimpoor@usdoj.gov

*Counsel for Defendants*